```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

CROWTHER ROOFING AND SHEET
METAL OF FLORIDA, INC., a
Florida Corporation,

       Plaintiff,

v.                                  Case No: 2:13-cv-668-FtM-29CM

DEVELOPER DIVERSIFIED REALTY
CORPORATION,

       Defendant/Third
       Party Plaintiff

v.

CONTROL BUILDING SERVICES,
INC., CONTROL EQUITY GROUP,
INC., EDWARD TUREN and NEAL
TUREN,

       Third Party Defendants.
```

**OPINION AND ORDER**

This matter comes before the Court on Third-Party Defendant Neal Turen's Motion to Dismiss Third-Party Complaint, Motion to Sever and Transfer, or Motion to Stay (Doc. #12) filed on October 7, 2013, and Third-Party Defendant Edward Turen's Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, To Transfer or Stay This Action (Doc. #16) filed on October 9, 2013.  Third-Party Plaintiff Developer Diversified Realty Corporation filed a Response to Neal Turen's Motion to Dismiss (Doc. #18) on October

21, 2013, and a Response to Edward Turen's Motion to Dismiss (Doc. #19) on October 23, 2013.  Also before the Court is Plaintiff Crowther Roofing and Sheet Metal of Florida, Inc.'s Motion to Remand (Doc. #17) filed on October 16, 2013.  No response has been filed.  For the reasons set forth below, the motion to remand is granted, and the other motions are denied as moot.

## I.

According to the Complaint, in early 2012, plaintiff Crowther Roofing and Sheet Metal of Florida, Inc. (plaintiff or Crowther) entered into a verbal contract with defendant Developer Diversified Realty Corporation (DDR), wherein Crowther was to perform roofing repairs at various shopping centers owned by DDR.  Under the terms of the oral contract, payment was to be made to Crowther at its office located in Fort Myers, Florida.  (Doc. #2, ¶ 5.)  After performing its obligations under the agreement, Crowther provided DDR with invoices for the work.  (Id. ¶ 6.)  DDR allegedly failed and refused to pay the amounts owed under the agreement.  (Id. ¶ 7.)

On May 9, 2013, Crowther commenced this action against DDR by filing a single-count Complaint in state court seeking $19,984.27 in damages for the alleged breach of contract.  (Id.)  There was no basis in the Complaint for removal of the case to federal court.

On or about June 26, 2013, DDR filed a six-count Third-Party Complaint in the state action against third party defendants

Control Building Services, Inc. (CBS), Control Equity Group, Inc. (CEG), Edward Turen, and Neal Turen.  (Doc. #4.)  In the Third-Party Complaint DDR contends that it had a service agreement with Oxford Building Services, Inc. (Oxford) under which "Oxford coordinated the contracting, oversight, and payment of vendors to perform facility maintenance work at DDR properties."  (Id. ¶ 2.)  Under the service agreement, Oxford acted as a conduit through which DDR would pay for the vendor services.  Vendors would invoice Oxford, which in turn invoiced DDR for the underlying payments.  (Id.)  The service agreement contained a guaranty agreement wherein CBS unconditionally guaranteed that Oxford would perform the provisions of the services agreement.  (Id. ¶¶ 22-23.)

At some point during the course of the arrangement and unknown to DDR, CEG and its affiliates, at the direction of the Turens, "took out a revolving credit facility, the collateral for which consisted of bank accounts such as the one into which DDR funded Oxford to pay vendors.  The revolving facility was repaid by a daily sweeping of all cash from the [affiliates'] bank accounts, including the funds obtained from DDR pursuant to the Service Agreement for the sole purpose of paying Service Provider Invoices."  (Id. ¶ 3.)  The "scheme" eventually collapsed and "[t]he result was approximately $11.1 million in invoices that were paid by DDR to Oxford but for which the underlying Service

Provider Invoices went unpaid." (Id.)  The disgruntled vendors then sought recourse from DDR directly. (Id.)

The Third-Party Complaint contains the following six counts: Breach of Guaranty Agreement against CBS (Count I); Tortious Interference with Contract against all defendants (Count II); Conversion against CEG, Edward Turen, and Neal Turen (Count III); Fraud against CEG, Edward Turen, and Neal Turen (Count IV); Civil Conspiracy against all defendants (Count V); and Indemnity against all defendants (Count VI). (Doc. #4.) Oxford is not a party to the Third Party Complaint nor to the original Complaint.

On February 26, 2013, Oxford declared bankruptcy in an action filed in the United States Bankruptcy Court for the District of New Jersey. (Id. ¶ 39.)

On September 18, 2013, Third Party Defendants CBS, CEG, and Edward Turen (the removing defendants) filed a timely Notice of Removal.  (Doc. #1.)  In the Notice, the removing defendants asserted that removal is proper under 28 U.S.C. §§ 1452(a) and 1334(b) because the third-party action "is related to the Chapter 11 proceedings of Oxford." (Id. ¶ 4.) Crowther asserts that this case should be remanded to state court because this action is not "related to" the bankruptcy proceeding of non-party Oxford. (Doc. #17.)

**II.**

Removal of a case from state court to federal court is normally pursuant to 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress . . . ."  28 U.S.C. § 1441(a).  An Act of Congress does otherwise provide.  Title 28 U.S.C. § 1452 states in pertinent part:  "(a) A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  28 U.S.C. § 1452(a).  In turn, § 1334 provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, **or arising in or related to** cases under title 11."  28 U.S.C. § 1334(b) (emphasis added).  The Court need not opine on whether a third party defendant is a "true defendant" under § 1441(a), since a third party defendant is clearly "a party" under § 1452(a).  The question is whether the third-party claims are "related to" Oxford's bankruptcy case, thus allowing the third party defendants to invoke § 1452(a).

"A dispute is 'related to' a case under title 11 when its result 'could conceivably' have an 'effect on the estate being administered in bankruptcy.'"  <u>Winchester Global Trust Co. v. Entrust NPL, Corp. (In re Ryan)</u>, 276 F. App'x 963, 966 (11th Cir. 2008) (quoting <u>Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)</u>,

910 F.2d 784, 788 (11th Cir. 1990)). "The proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." In re Lemco Gypsum, 910 F.2d at 788 (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984)).

The Notice of Removal states that the Third-Party Complaint "has the very real potential to impact the Oxford Bankruptcy." (Doc. #1, ¶ 8.) In support, the removing defendants state as follows:

> The Third-Party Complaint is based upon DDR's allegations that: (1) Oxford misappropriated DR's funds and breached a Services Agreement between DDR and Oxford in a concerted scheme to defraud DDR, and (2) CBS breached its Guaranty of Services Agreement by failing to ensure Oxford's performance of its obligations, including ensuring payment of all sums due under the Services Agreement. The State Action is therefore related to the Oxford Bankruptcy in that successful claims by DDR would give rise to claims for indemnity and/or contribution by the Removing Defendants against Oxford, the original obligor, and the Oxford-related Debtors. Even if the Removing Defendants could not satisfy those claims against the Debtors directly, they could be used by Removing Defendant, including Oxford corporate parent, CEG, to set-off any claims coming back at the Removing Defendants by the Oxford Bankruptcy Trustee, thus diminishing the Debtors' estates. In addition, DDR has filed a proof of claim in the Oxford Bankruptcy that arguably covers both the $19,000.00 claim it is seeking indemnity for in this action as well as the $11 million claim its seeking based upon fraud and conspiracy in this action. In this way, the outcome

>   of DDR's third-party claims in this action will directly
>   affect the Debtors' estates to a proportionate degree.

(Id.)

After careful consideration, the Court finds that the removing defendants have offered nothing more than conclusory, unsupported assertions regarding a theoretical claim for indemnification or contribution against the Oxford estate. At least seven other federal district courts have reached the same conclusion in cases involving the removal of DDR's Third-Party Complaint against CEG, CBS, and the Turens. See Kansas Asphalt, Inc. v. BRE DDR Merriam Town Center, LLC, No. 13-2325-KHV, 2014 WL 558895 (D. Kan. Feb. 13, 2014); Driveway Maint., Inc. v. DDRM Bardmoor Shopping Center, LLC, No. 8:13-cv-1752-T-24TGW, 2013 WL 5673509 (M.D. Fla. Oct. 17, 2013); T & K Asphalt Servs., Inc. v. DDRC Gateway, LLC, No. 13-11599-JLT, 2013 WL 5550512 (D. Mass. Oct. 8, 2013); Driveway Maint., Inc. v. DDR Se. Clearwater Dev., LLC, No. 8:13-cv-1751-T-33TGW, 2013 WL 5408242 (M.D. Fla. Sept. 25, 2013); Joseph McCormick Constr. Co., Inc. v. DDR Corp., No. 13-cv-231E, 2013 WL 4811193 (W.D. Pa. Sept. 9, 2013); Thomas Suddarth & Son Asphalt Paving Co., Inc. v. DDR Corp., No. 1:13-cv-232 (W.D. Pa. Aug. 30, 2013); Ace Asphalt of Arizona v. DDR Corp., No: CIV-13-1163-PHX-MHB (D. Ariz. Aug. 28, 2013). Because the removing defendants have offered nothing more than a conclusory assertion regarding potential claims for indemnity or contribution

against Oxford, the Court finds that the removing defendants have failed to establish subject matter jurisdiction; thus, remand is required.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. #17) is **GRANTED.** The Clerk is **directed** to remand the case to the Circuit Court for the Twentieth Judicial Circuit, in and for Lee County, Florida. The Clerk is further **directed** to terminate all pending motions and deadlines and close this case.

2. Third-Party Defendant Neal Turen's Motion to Dismiss Third-Party Complaint, Motion to Sever and Transfer, or Motion to Stay (Doc. #12) is **DENIED as moot.**

3. Third-Party Defendant Edward Turen's Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, To Transfer or Stay This Action (Doc. #16) is **DENIED as moot.**

**DONE and ORDERED** at Fort Myers, Florida, this ___16th___ day of April, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record